UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANGELA SWETNAM <br> (f/k/a Angela Meyer) <br><br> Plaintiff, <br><br> vs. <br><br> SCREEN-IT-GRAPHICS <br> OF LAWRENCE, INC. (d/b/a <br> GRANDSTAND GLASSWARE AND <br> APPAREL), <br><br> Defendant. | Case No. 14-cv-2490 RDR/KGS |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE HER RESPONSE TO MOTION TO DISMISS OUT OF TIME

Plaintiff Angela Swetnam, by and through undersigned counsel, hereby moves the Court to grant her leave to file her response to Defendant's Motion to Dismiss out of time. In support of her Motion, Plaintiff states:

1. Defendant filed a Motion to Dismiss on November 26, 2014 [Doc. 6].

2. The Reavey Law LLC paralegal docketed a response date in the firm's docketing system incorrectly as December 19, 2014. [Affidavit of Randy Tolle, *Ex. A*].

3. Reavey Law LLC's attorneys work from the docketing calendar in order to ensure pleadings are timely filed and accordingly relied upon the docketed date of December 19, 2014. Plaintiff's counsel was unaware of the lateness of the response until reading Defendant's reply document filed December 30, 2014

indicating the response was actually due December 17. [Affidavit of Randy Tolle, ***Ex. A***].

4. Attorney Reavey consequently is now filing this motion for the Court to accept Plaintiff's December 19, 2014 response to Defendant's Motion to Dismiss "out of time."

5. In support, Plaintiff responds that the Court may extend deadlines upon a showing of good cause and excusable neglect. Fed. R. Civ. P. 6(b)(1). Plaintiff notes that the out of time filing was as a result of a docketing error and as soon as it was identified Plaintiff filed this motion. Plaintiff's earlier filing, nevertheless, was only two days late.

6. The delay was minimal, the case remains in its early stages and there is no prejudice to Defendant.

7. Given the circumstances of the response being filed minimally late, and the lateness being due to an error in undersigned counsel's staff's calculation of the due date, Plaintiff believes all of the criteria for excusable neglect indisputably have been satisfied. *See* ***Patel v. Reddy***, 10-2403-JTM, 2010 WL 4115398 (D. Kan. Oct. 19, 2010):

> This district has provided several recent examples of what constitutes excusable neglect. *See Espy v. Mformation Techs.*, No. 08–2211–EFM, 2009 WL 2912506, at *11 (D.Kan. Sept. 9, 2009) (providing a list of cases). Excusable neglect did exist in *Mohankumar v. Dunn*, when the lawyer's support staff made a clerical error in recording the due date. No. CIV. A. 97–1555–WEB, 1999 WL 1253053, at *1 (D.Kan. Dec. 22, 1999). Similarly, the court found excusable neglect when there was a miscommunication within the attorney's office about the due date coupled with the attorney's unfamiliarity with the local rules. *White v. O'Dell Indus., Inc.*, No. 99–2315–JWL, 2000 WL 127267, at *2 (D.Kan. Jan. 14, 2000).

* * *

> Defendants did not maliciously fail to file on time, nor did they fail to file on time because of a misinterpretation of the rules. * * * Counsel's error in failing to file an answer on time is similar to the error in *Mohankumar*, in which defendant failed to file on time because of a clerical error. Counsel's error was clerical and not an intentional neglect of the deadline. Therefore, this court finds the defendants have shown good cause to file out of time.

**WHEREFORE** Plaintiff respectfully requests the Court grant Plaintiff leave to file her response to Defendant's Motion to Dismiss "out of time", and otherwise enter an order accepting Plaintiff's December 19, 2014 Response to Defendant's Motion to Dismiss, and for such other and further relief the Court deems just and equitable.

Respectfully submitted,

**REAVEY LAW LLC**

By: /s/ Patrick G. Reavey
Patrick G. Reavey   KS # 17291
Kevin Koc  KS #24953
Kansas Livestock Exchange Bldg.
1600 Genessee, Suite 303
Kansas City, MO  64102
(816) 474-6300
Fax:  (816) 474-6302

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of December 2014, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Thomas G. Lemon KS #16120
Vincent M. Cox KS #22051
Cavanaugh & Lemon, P.A.
2942A S.W. Wanamaker Drive
Suite 100
Topeka, KS 66614-4135
(785) 440-4000
(785) 440-3900 fax
tlemon@cavlem.com
vcox@cavlem.com
ATTORNEYS FOR DEFENDANT

/s/Patrick G. Reavey
ATTORNEY FOR PLAINTIFF