IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANGELA SWETNAM f/k/a
ANGELA MEYER

         Plaintiff,

   v.

                         Case No. 14-2490-RDR

SCREEN-IT GRAPHICS OF
LAWRENCE, INC. d/b/a
GRANDSTAND GLASSWARE
AND APPAREL

         Defendant.

**MEMORANDUM AND ORDER**

The complaint in this case alleges employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k). The gist of the complaint is that plaintiff was hired as a customer service representative on January 28, 2013 and that she received little or no criticism of her job performance until after she announced that she was pregnant. According to the complaint, after announcing her pregnancy: plaintiff received her first negative performance evaluation; she was informed of performance issues which had not previously been raised; she was told that documentation of a "verbal warning" was placed in her personnel file; and she was instructed that she could not miss any more days of work for the next three months. Then, a little more

than a month after disclosing her pregnancy, plaintiff was terminated. Plaintiff asserts that defendant's actions were contrary to defendant's disciplinary procedures and that she was treated differently than similarly situated non-pregnant employees. Plaintiff further alleges that she engaged in conduct protected under Title VII and that defendant retaliated against plaintiff because of this conduct. This alleged retaliation apparently was in the form of opposing plaintiff's application for unemployment benefits.

This case is before the court upon defendant's motion to dismiss for failure to state a claim, pursuant to FED.R.CIV.P. 12(b)(6). The motion to dismiss argues on the basis of materials outside of the pleadings that plaintiff was discharged because her job performance was deficient.[1] The motion further asserts that plaintiff's retaliation claim should be dismissed because plaintiff has not alleged that she was engaged in any protected opposition to discrimination.

In response, plaintiff contends that it is premature for this court to consider materials outside of the pleadings when plaintiff has not been able to conduct discovery. Plaintiff also requests an additional opportunity to respond to defendant's motion, if the court determines that it will treat

---

[1] The memorandum in support of the motion to dismiss lists 38 statements of fact, most of which are substantiated with materials outside of the complaint.

2

the motion as a motion for summary judgment.  In reply,
defendant asserts that the court may grant summary judgment
against plaintiff without further notice to plaintiff.
Defendant notes that plaintiff has not filed an affidavit
detailing why discovery is necessary to properly respond to
defendant's motion.  Defendant further asserts that the court
may dismiss plaintiff's retaliation claim without converting
defendant's motion to one for summary judgment.[2]

I.  RULE 12(b)(6) STANDARDS

    A motion to dismiss for failure to state a claim must argue
that the factual matter in the complaint, accepted as true,
fails to state a claim for relief that is plausible on its face.
See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(interior
quotation omitted).  "The plausibility standard is not akin to a
probability requirement, but it asks for more than a sheer
possibility that a defendant has acted unlawfully."  Id.

    Generally, the sufficiency of a complaint must rest on its
contents and documents which the complaint incorporates or to
which the complaint refers.  Gee v. Pacheco, 627 F.3d 1178, 1186
(10th Cir. 2010).  If a court intends to decide the motion on the

---

[2] Defendant also argues that plaintiff's response should be stricken because
it was filed two days late.  In rejoinder, plaintiff's counsel admits that
the response was mistakenly filed two days late and asks that leave be
granted to file the response out of time.  Doc. No. 11.  The court does not
believe any prejudice has been caused by the short delay.  Since plaintiff's
counsel appears to have acted in good faith, the court shall not strike
plaintiff's response and shall grant plaintiff's motion for leave to file the
response out of time.

basis of other evidence, it must convert the motion to dismiss to a motion for summary judgment and give proper notice to the parties.  Id., citing FED.R.CIV.P. 12(d).

The Tenth Circuit recognized in Khalik v. United Air Lines, 671 F.3d 1188, 1192 (10th Cir. 2012) that a plaintiff need not establish a prima facie case in a complaint in order to survive a Rule 12(b)(6) motion. Nevertheless, the court in that case examined the elements of a prima facie case to help to determine whether the plaintiff set forth a plausible claim.  Id.

II.  THE COMPLAINT STATES A RETALIATION CLAIM.

The court shall examine defendant's argument against plaintiff's retaliation claim first because defendant does not rely upon materials outside of the complaint.  To establish a prima facie case of retaliation, a plaintiff must establish: 1) that she engaged in protected opposition to discrimination; 2) that defendant took a materially adverse employment action against plaintiff; and 3) that there was a causal connection between the protected activity and the materially adverse action.  Daniels v. United Parcel Service, Inc., 701 F.3d 620, 638 (10th Cir. 2012)(quoting Hinds v. Sprint/United Mgmt. Co., 523 F.3d 1187, 1202 (10th Cir. 2008)).

Defendant asserts that the complaint does not allege that plaintiff engaged in protected opposition to discrimination. Contrary to this assertion, the complaint contains the broad

4

statement that plaintiff "engaged in protected conduct by exercising her rights pursuant to Title VII and the Pregnancy Discrimination Act." Doc. No. 1, ¶ 50. In plaintiff's response to defendant's motion, plaintiff further specifies that she filed a charge of discrimination on November 8, 2013 and that soon thereafter defendant protested plaintiff's application for unemployment benefits. Doc. No. 9, p.2 n.2.

Defendant does not address the complaint's general allegation of protected conduct or plaintiff's more specific allegation in her response to the motion to dismiss. Instead, defendant makes note that in McDonald-Cuba v. Santa Fe Protective Services, 644 F.3d 1096, 1102 (10th Cir. 2011), the Tenth Circuit held that the filing of an unemployment benefits claim did not constitute protected activity for purposes of Title VII. This is correct, but plaintiff is claiming that her administrative charge of discrimination was protected conduct, not the unemployment benefits application. This distinguishes the holding of McDonald-Cuba. Therefore, the court finds that defendant has failed to demonstrate that plaintiff's allegations are implausible or legally inadequate to state a claim of retaliation.

III. THE COURT SHALL NOT CONVERT DEFENDANT'S MOTION TO DISMISS TO ONE FOR SUMMARY JUDGMENT AND THEREFORE SHALL NOT DECIDE DEFENDANT'S ARGUMENTS AGAINST PLAINTIFF'S TERMINATION CLAIM.

As for plaintiff's termination claim, the threshold issue before the court is one of procedure more than substance. That issue is whether to convert defendant's motion to a motion for summary judgment and proceed to decide it as such.

FED.R.CIV.P. 12(d) requires that:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

This case was filed less than four months ago. Discovery has not been initiated. Under these circumstances, the court believes it would not be reasonable to convert the motion to dismiss to a summary judgment motion and then decide the motion. The court does not wish to delay the proceedings unnecessarily and defendant has made clear its contention that plaintiff's case is without merit. But, we believe "a reasonable opportunity to present all the material that is pertinent to the motion" could require several months. In such a situation, it is better to decline defendant's request to convert the motion and to deny the motion to dismiss without prejudice. The following cases cited by plaintiff support this approach. Jones v. Nucletron Corp., 2013 WL 663304 *4 (D.Md. 2/20/2013);

Tompkins v. Barker, 2011 WL 3583413 *2 (M.D.Ala. 7/26/2011); Jimenez v. All-American Rathskeller, Inc., 2005 WL 3560547 *2 (M.D.Pa. 12/28/2005).  See also, Briscoe v. Cohen, McNeile & Pappas, P.C., 2014 WL 4954600 *3 & *11 (D.Kan. 10/1/2014)(exercising discretion to exclude affidavit from consideration and refusing to convert motion to dismiss to one for summary judgment)

Defendant has cited Marquez v. Cable One, Inc., 463 F.3d 1118, 1121 (10th Cir. 2006) and Hayes v. Find Track Locate, Inc., 2014 WL 5111587 (D.Kan. 10/12/2014) in support of its argument for conversion.  Both cases are distinguishable from this case because in each the response filed by the non-movant clearly demonstrated that the motion would be considered as one for summary judgment.  Also, in Hayes, the case was more advanced into the discovery stage.

In sum, reaching the substance of defendant's arguments to dismiss plaintiff's termination claim would require this court to convert the motion to a motion for summary judgment.  The court is unwilling to do this because it would either place an unfair burden upon plaintiff to respond to the motion when discovery has not been initiated or it would require the court to leave this motion pending indefinitely so that discovery may proceed.

IV.  CONCLUSION

For the above-stated reasons, the court shall grant plaintiff's motion for leave to file response out of time (Doc. No. 11) and the court shall deny defendant's motion to dismiss (Doc. No. 5) without prejudice.


**IT IS SO ORDERED.**

Dated this 8th day of January 2015, at Topeka, Kansas.


s/ RICHARD D. ROGERS
Richard D. Rogers
United States District Judge